IN THE UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| **RYAN R. SOIT,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO:** |
| **Plaintiff,** | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **JAMES CITY COUNTY, VIRGINIA** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Ryan R. Soit ("Soit" or "Plaintiff"), by counsel, for his Complaint against Defendant, James City County, Virginia (the "County", "James City County" or "Defendant"), alleges as follows:

### INTRODUCTION

1. This action is brought by Soit against James City County pursuant to The Americans With Disabilities Act, 42 U.S.C. §12111 et seq. ("ADA") and the common law.

### JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §§ 1331. Venue properly lies in this Court because the controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern District of Virginia.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Prior to instituting this suit, Soit timely filed an administrative claim with the Norfolk Office of the Equal Employment Opportunity Commission (EEOC) on February 8, 2019. A true and correct copy of the Charge of Discrimination is attached to this complaint and incorporated

by reference as Exhibit "A."  Plaintiff's Charge of Discrimination specifically claims "disability" based discrimination in violation of the ADA.

4.The EEOC failed to resolve the claim and issued a right-to-sue letter dated September 3, 2019.  A true and correct copy of the right-to-sue letter is attached to this complaint and incorporated by reference as Exhibit "B."  Soit received the EEOC's right-to-sue letter on September 6, 2019. Plaintiff has filed his complaint within 90 days from the date she received his notice authorizing the right to bring this action.

## PARTIES

5.Plaintiff Soit is a natural person, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the city of Williamsburg, Virginia.  At all times relevant hereto, he was a "qualified individual with a disability" as that phrase is defined under §101 of the ADA, 42 U.S.C. §12111.  Moreover, at all times relevant hereto, Soit was an "employee" of James City County as defined under the statutes set forth herein and significantly limited in the major life activities of working and related activities.  His disability is permanent.

6.At all times relevant to this matter, Defendant James City County has been and is now, a "covered entity," "employer" and "person" as those terms are defined under the ADA.

## STATEMENT OF FACTS

7.On or about October 1, 2016 Defendant hired Soit as a Groundskeeper.

8.Plaintiff Soit is a male diagnosed with autism, a pervasive developmental disorder, which is a disability defined by 42 U.S.C. 12102(2).

9.Autism, a neurological impairment, is characterized by abnormal functioning in language, social communication and interaction, and sensory movement.

10. Soit continued his employment with Defendant until his unlawful firing on December 7, 2018.

## *"First Crew" and "Second Crew" Assignments*

11. Soit was originally placed on a groundskeeping team managed by "Tyna." Soit performed well under Tyna and got along well with his coworkers.

12. Approximately a year after working under Tyna, Soit was assigned to a new team managed by Mark Rogers ("Rogers"). Almost immediately under Rogers' management Soit came under constant verbal assault by his coworkers.

13. Defendant's conduct was not simple teasing or offhand comments. Rogers, along with Soit's coworkers Steve Baker ("Baker") and John Krusac ("Krusac") repeatedly called Soit names such as "Tonto", "Stupid", and "Clown Feet." Rogers, Baker and Krusac would further demean Soit by continually telling him "You're useless" and "Your don't know how to do your job."

14. Eventually, in or about August 18, 2017, Baker purposefully violently tripped Soit on a jobsite. Soit fell to the ground and, in so doing, broke his finger.

15. Rogers saw the physical assault on Soit but failed to admonish Baker. Similarly, Rogers refused to address the verbal and physical harassment of Soit throughout 2017 and 2018. Accordingly, Rogers and Defendant were negligent in failing to take effective action to stop the harassment of Soit despite knowing of the harassment.

16. The harassment of Soit continued throughout 2017 and 2018 on a daily basis.

17. This harassment contributed to the anxiety that forced Plaintiff to miss work, thus interfering with his performance.

18. Soit made repeated requests to Defendant's management to be moved to another team to avoid further verbal and physical harassment. Rogers repeatedly denied Soit's requests for a transfer to another team – one that would not continually harass him, verbally and physically.

19. Additionally, Rogers' supervisor, Matt Austin also denied Soit's requests for a transfer.

20. On or about November 21, 2018, Baker again physically assaulted Soit. This time, Baker grabbed Soit by his shirt collar and attempted to choke/strangle Soit to the ground.

21. On another occasion, Baker, drove a company vehicle aggressively with Soit as a passenger. Baker intentionally, played a game of "chicken" while driving threatening to run the vehicle along with Soit into oncoming traffic. Baker intentionally moved clear of oncoming traffic at the last minute and clammed on the breaks causing Soit to violently slam his head into the vehicle's head rest.

22. Rogers and Austin, Soit's supervisors and Defendant's members of management, knew of Soit's coworker's continual harassment yet did nothing to stop or address it.

23. Employer's response to plaintiff's complaints manifested indifference or unreasonableness in light of the facts the employer knew or should have known. The employer tolerated or condoned the situation or that the employer knew or should have known of the alleged conduct and failed to take prompt remedial action. Generally, a response is adequate if it is reasonably calculated to end the harassment.

## COUNT I
### Hostile Work Environment in Violation of the ADA

24. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

25. At all times relevant herein, Defendant was an "employer" and Plaintiff was an "employee" under the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq.

26. At all relevant times, Plaintiff was a "qualified person with a disability" within the meaning of the ADA.

27. Defendant, by way of its supervisors and members of management, was fully aware of Plaintiff's physical impairment. Despite being aware of Plaintiff's medical conditions, Defendant failed to properly engage in the interactive process and failed to continue provide reasonable accommodations as required by the ADA.

28. Defendant would not have endured any undue hardship by providing Plaintiff his requested reasonable accommodations – namely, not to be physically and mentally harassed by coworkers because of his disability.

29. Defendant violated Soits civil rights by discriminating against him due to his disability.

30. Defendants violations of the ADA were willful. Defendants unlawful practices were carried out with malice and/or reckless indifference to Soit's federal rights.

31. As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

## COUNT II
### Failure to Accommodate in Violation of the ADA

32. Plaintiff repeats and realleges each and every Paragraph of this Complaint as thought fully set forth herein.

33. Plaintiff has an impairment that substantially limits one or more major life activities. 42 U.S.C. § 12101 et seq.

34. Plaintiff was qualified for the position he held and was able to perform its essential functions.

35. Plaintiff was subjected to harassment and eventual firing solely because of his disability, even though defendants were fully aware of the reasons for Plaintiff's requested accommodations.

36. Ultimately, Defendant terminated Plaintiff's employment. Defendant knew Plaintiff had a disability. Accordingly, Defendant harmed Plaintiff by wrongfully terminating him by reason of disability discrimination, all in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

37. As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered damages, including but not limited to loss of past and future income and fringe benefits, loss of professional reputation, mental anxiety and emotional distress.

## COUNT III
Wrongful Termination in Violation of the ADA

38. Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

39. Defendant discriminated against Soit and violated his rights under the ADA by unlawfully and intentionally discriminating against him, terminating his employment after more than two years of exemplary service.

40. Defendant engaged in these unlawful practices against Soit, willfully and with malice, and/or with reckless indifference to his rights protected by the ADA.

41. Defendant's conduct was intentional and its violations of federal law were willful.

42. As a direct, actual and proximate result of the actions taken by Defendant as set forth herein, Soit has suffered significant pecuniary and non-pecuniary damages including loss of future pay and benefits, loss of back pay and benefits, loss of promotion opportunities, loss of

reputation, loss of retirement benefits as well as mental anguish, anxiety, pain, suffering, humiliation, and loss of quality and enjoyment of life.

43. Plaintiff is entitled to recover his reasonable attorneys' fees, costs and expert witness expenses pursuant to the ADA.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ryan R. Soit, prays for entry of judgment in favor of Plaintiff and against Defendant, James City County, Virginia in the form of the following relief:

a. Back Pay;

b. Front Pay;

c. Compensatory Damages;

d. Punitive Damages

e. Interest;

f. Attorneys' fees and court costs associated with this suit; and

g. Other such relief as may be appropriate to effectuate the purpose of justice.

Date: December 2, 2020

Respectfully submitted,
RYAN R. SOIT
_____/s/_____
Todd M. Gaynor, Esquire
Virginia Bar No.: 47742
GAYNOR LAW CENTER, P.C.
440 Monticello Avenue, Suite 1800
Norfolk, Virginia 23510
PH: (757) 828-3739
FX: (75) 257-3674
EM: tgaynor@gaynorlawcenter.com

*Counsel for Plaintiff*